UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>             Plaintiff,<br><br>      v.<br><br>CAROL YIM LEE, et al.,<br><br>             Defendants. | Case No. 25-cv-07235-TLT<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM; SETTING BRIEFING SCHEDULE FOR MOTION FOR TEMPORARY RESTRAINING ORDER; DENYING MOTION TO VACATE ORDER GRANTING IN FORMA PAUPERIS**<br><br>Re: Dkt. Nos. 12, 16, 17 |

On August 27, Plaintiff filed a complaint against Defendants Carol Yim Lee, Ronald Lee, Yiming Peng and Jane Doe (collectively, "Defendants"). ECF 1. On September 8, 2025, Plaintiff filed an amended complaint. ECF 5 ("FAC"). As alleged in the amended complaint, Plaintiff Jane Doe ("Plaintiff") entered the United States on July 15, 2013, on a B-2 tourist visa. FAC ¶ 10. Upon arrival, Plaintiff moved into the home of Defendants Carol Yim Lee and Ronald Lee. *Id.*

Plaintiff alleges that Defendants, (1) engaged in a scheme to defraud Plaintiff into submitting deceitful immigration filings—resulting in unjust enrichment to Defendants in the amounts of a $5,000 "service" fee and a $5,000 "reopening" fee—and (2) coerced Plaintiff into engaging in forced labor. FAC ¶ 13–14, 21–23, 30, 41–45.

On October 17, 2025, Plaintiff filed a (1) motion for leave to proceed under pseudonym, (2) motion for temporary restraining order, (3) motion to vacate the order granting Plaintiff in forma pauperis status, issuance of summons, and service by U.S. Marshals, and (4) motion to file portions of certain documents under seal. ECF 12; ECF 15.

For the reasons discussed below, the Court **GRANTS** Plaintiff's motion for leave to proceed under pseudonym, (2) **DEFERS** ruling on Plaintiff's motion for temporary restraining

order until briefing is complete, (3) **DENIES** Plaintiff's motion to vacate the order granting Plaintiff's in forma pauperis status, issuance of summons, and service by U.S. Marshals. All summons shall bear the pseudonym, "Jane Doe".

**I.    MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff seeks leave from the Court to proceed under the pseudonym "Jane Doe" due to the sensitive nature of the allegations in the complaint. ECF 15 at 2.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Parties may proceed pseudonymously only "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (alteration in original) (internal citation omitted). "Because there is a presumption that parties' identities are public information, anonymity is only proper under 'special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.'" *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016) (quoting Advanced Textile, 214 F.3d at 1068).

One such special circumstance is where a plaintiff seeks to "preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068 (internal quotation marks omitted). Plaintiff in this case was a minor when she traveled to the United States. FAC ¶ 11. The allegations in the operative complaint detail personal interactions and abusive conduct which occurred in the privacy of Plaintiff's home. *Id.* The complaint also includes allegations of human trafficking and exploitation. FAC ¶¶ 93, 150. The Court finds that Plaintiff's complaint involves personal and sensitive information warranting leave from the Court to proceed under pseudonym. *See J.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-cv-00656, 2025 WL 524647, at *2 (N.D. Cal. Feb. 18, 2025) (granting motion to proceed under pseudonym of a plaintiff whose child was a sex trafficking victim because disclosure of the plaintiff's name "in connection with details about the victimization of her daughter could subject Plaintiff to ridicule or personal embarrassment").

Accordingly, the Court grants Plaintiff's motion to proceed under pseudonym without prejudice.

## II.     MOTION FOR TEMPORARY RESTRAINING ORDER

In Plaintiff's temporary restraining order, she requests that the court prohibit Defendants from "transferring, encumbering, selling, concealing, pledging, hypothecating, assessing, spending, withdrawing, disbursing, conveying, gifting, dissipating, or otherwise disposing of any assets" and asks the Court to "freeze Defendants' accounts and assets." ECF 15 at 4–5.

Plaintiff neither seeks ex parte relief, nor meets the requirements of Rule 65(b). See Fed. R. Civ. P. 65(b)(1) (requiring "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and written certification regarding "any efforts made to give notice and the reasons why it should not be required").

As the Court previously ordered, the Clerk of Court shall issue the summons under the pseudonym, Jane Doe.  ECF 12.  The U.S. Marshal for the Northern District of California shall serve, without prepayment of fees, a copy of the complaint, any amendments or attachments, Plaintiff's affidavit and this order upon Defendants by October 21, 2025.

Defendant shall file a response to Plaintiff's motion by October 27, 2025, and show cause as to why a temporary restraining order should not issue.

Plaintiff's reply shall be filed by October 31, 2025.

The Court **SETS** hearing on the motion for temporary restraining on Monday , November 3, 2025, at 11:00 a.m. via videoconference before Judge Thompson in Courtroom 9, 450 Golden Gate Ave., San Francisco, CA 94102.

Accordingly, the Court **GRANTS** Plaintiff's motion for leave to proceed under pseudonym, (2) **DEFERS** ruling on Plaintiff's motion for temporary restraining order until the expiration of the briefing schedule, and (3) **DENIES,** Plaintiff's motion to vacate the order granting Plaintiff's in forma pauperis status.  The Court modifies ECF 12 to allow Plaintiff's summons to be delivered under the approved pseudonym.

//

//

Plaintiff is encouraged to seek free legal assistance from the Legal Help Center located in the San Francisco courthouse. The Legal Help Center will not represent Plaintiff as Plaintiff's lawyer, but can provide basic legal assistance at no cost. Plaintiff can schedule an appointment by calling 415-782-8982 or emailing FedPro@sfbar.org. Plaintiff can find more information at https://cand.uscourts.gov/pro-se-litigants/ . The court also has a free guide "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of the case, including discovery, motions, and trial. Plaintiff can access it online (https://www.cand.uscourts.gov/wp-content/uploads/2023/03/Pro_Se_Handbook_4-2024_MBB.pdf ) or in hard copy free of charge from the Clerk's Office.

IT IS SO ORDERED.

Dated: October 20, 2025

_____
TRINA L. THOMPSON
United States District Judge

4