United States District Court
Northern District of California

1
2
3
4
                 UNITED STATES DISTRICT COURT
5
               NORTHERN DISTRICT OF CALIFORNIA
6
7
8
9
10
11

| | |
|---|---|
| John Doe, | Case No. 25-cv-07235-TLT |
|          Plaintiff, | **ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
|    v. | |
| CAROL YIM LEE, et al., | November 3, 2025, 11am |
|          Defendants. | ECF 15, 18, 24 |

12
13
      On August 27, Plaintiff filed a complaint against Defendants Carol Yim Lee, Ronald Lee,
14
Yiming Peng and Jane Doe (collectively, "Defendants").  ECF 1.  The Court was informed that the
15
Plaintiff currently lives abroad.  *Id.*  On September 8, 2025, Plaintiff filed an amended complaint.
16
ECF 5 ("FAC").  As alleged in the amended complaint, Plaintiff John Doe ("Plaintiff") entered the
17
United States on July 15, 2013, on a B-2 tourist visa.  FAC ¶ 10.  Upon arrival, Plaintiff moved
18
into the home of Defendants Carol Yim Lee and Ronald Lee.  *Id.*
19
      Plaintiff alleges that, thereafter, Defendants, (1) engaged in a scheme to defraud Plaintiff
20
into submitting deceitful immigration filings—resulting in unjust enrichment to Defendants in the
21
amounts of a $5,000 "service" fee and a $5,000 "reopening" fee—and (2) coerced Plaintiff into
22
engaging in forced labor.  FAC ¶ 13–14, 21–23, 30, 41–45.
23
      Without leave of Court, on October 17, 2025, the Plaintiff filed a second amended
24
complaint.  ECF 13.
25
      The Court ordered the Clerk of the Court to review the third submitted proposed summons.
26
ECF 14.
27
      On October 17, 2025, Plaintiff filed a motion for temporary restraining order.  ECF 15.
28
Plaintiff seeks an order prohibiting Defendants from "transferring, encumbering, selling,

concealing, pledging, hypothecating, assessing, spending, withdrawing, disbursing, conveying, gifting, dissipating, or otherwise disposing of any assets" and asks the Court to "freeze Defendants' accounts and assets." *Id.* at 3–5.

 To date, the defendants have not been served.  A hearing was held on November 3, 2025 via videoconference to address the application for a temporary restraining order.  Plaintiff did not attend the hearing.

For the reasons discussed below, the Court **DENIES** the Plaintiff's motion for temporary restraining order.

## I.    BACKGROUND

The complaint alleges the following facts which pertain to the application for a temporary restraining order:

Defendants Carol Yim Lee and Ronald Lee lured Plaintiff to live in the United States with the promise of assisting Plaintiff to pursue an education in the United States.  FAC ¶ 14.  Plaintiff entered the United States on July 15, 2013, on a B-2 tourist visa.  *Id.* ¶ 10.  Upon arrival, Plaintiff moved into the home of Defendants Carol Yim Lee and Ronald Lee.  *Id.*

Between August and October 2013, Defendant Carol Yim Lee manipulated Plaintiff into lying during an in-home interview with a representative of the Superior Court of California by claiming that Plaintiff had been abused and neglected by his biological parents.  *Id.* ¶ 11.  Plaintiff furnished the California court with a letter claiming the same.  *Id.*  Thereafter, Carol Yim Lee was appointed as Plaintiff's legal guardian.  *Id.* ¶ 12.

Defendant Carol Yim Lee represented to Plaintiff and Plaintiff's family that she had hired immigration attorneys—Yiming Peng and Jane Doe—to help Plaintiff file an I-485 Register Permanent Resident or Adjustment of Status Application and an I-130 Petition for Alien Relative to establish a family relationship between Defendant Carol Yim Lee and Plaintiff.  *Id.* ¶¶ 13, 16, 20.  Defendants Yiming Peng and Jane Doe were not immigration attorneys.  *Id.* ¶ 15.  United States Citizenship and Immigration Services ("USCIS") denied Plaintiff's initial I-485 application.  *Id.* ¶ 21.

Defendants Carol Yim Lee, Yiming Peng, and Jane Doe told Plaintiff's parents that they

United States District Court
Northern District of California

1    could "reopen the case" by paying $5,000 to Defendants.  *Id.*  Plaintiff's parents were induced to

2    make this payment.  *Id.*  On August 21, 2015, Defendants Carol Yim Lee, Yiming Peng, and Jane

3    Doe also requested an additional $5,000 from Plaintiff's parents for a service fee.  *Id.* ¶ 22.  On

4    November 15, 2015, Plaintiff's parents paid the "service fee" to a company account per

5    Defendants' instructions.  *Id.* ¶ 23.

6        Defendants continued to file immigration applications with USCIS on behalf of Plaintiff.

7    Plaintiff alleges during the process, Defendant withheld documents from Plaintiff, forged

8    Plaintiff's signature, and changed Plaintiff's correspondence address.  *Id.* ¶ 30.

9        Between 2013 and 2015, citing reasons such as living costs and tuition, Defendant Carol

10   Yim Lee sought and obtained money from Plaintiff's parents.  *Id.* ¶ 31.  During that same time,

11   Defendant Ronald Lee required Plaintiff to perform daily domestic household labor each weekday

12   after school.  Namely, Plaintiff was required to clean  toilets, mop  floors, vacuum , wash dishes,

13   clean the stove, and keep up yard work without pay.  *Id.* ¶¶ 41–42.

14       Due to growing tensions between Defendant Ronald Lee and Plaintiff, between 2014 and

15   2015, Defendant Ronald Lee prohibited Plaintiff from cooking meals and began rationing

16   Plaintiff's dinner.  *Id.* ¶ 45.  Defendant Ronald Lee also verbally insulted plaintiff on several

17   occasions.  *Id.*  ¶¶ 46–47.

18       In mid-May 2015, Defendant Ronald Lee started an argument about chores and attempted

19   to strike Plaintiff.  Plaintiff avoided the strike and secretly recorded part of the confrontation on

20   his mobile phone.  *Id.*  ¶ 48.  Plaintiff was punished for having recorded the incident.  *Id.* ¶¶ 49–

21   50.  Plaintiff was forced to move out of Defendants' home and obtain alternative housing.  *Id.* ¶

22   54.

23       Plaintiff obtained his complete immigration file—which give rise to his claims—through a

24   Freedom of Information Act (FOIA) request to USCIS in late 2022.  *Id.*  ¶ 55.

25       Plaintiff bring sixteen causes of action: (1) violation of the Racketeer Influenced And

26   Corrupt Organizations Act (18 U.S.C. § 1962); (2) forced labor, trafficking with respect to

27   peonage, slavery, involuntary servitude, or forced labor, and unlawful conduct with respect to

28   documents in furtherance of trafficking, peonage, slavery, involuntary servitude, or forced labor in

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1  violation of 18 U.S.C. §§ 1589, 1590, 1592, and civil remedy pursuant to 18 U.S.C. § 1595; (3)

2  immigration consultant fraud in violation of California Business & Professions Code §§ 22440–

3  22448; (4) human trafficking in violation of California Civil Code § 52.5; (5) identity theft in

4  violation of Civil Code §§ 1798.92–1798.97; (6) negligence in violation of California Civil Code

5  § 1714(a); (7) fraud in violation of California Civil Code § 1572; (8) deceit and fraud in violation

6  of California Civil Code §§ 1709 and 1710; (9) unauthorized practice of law in violation of

7  California Business & Professions Code §§ 6125, 6126, and 6126.5; (10) violation of the Tom

8  Bane Civil Rights Act (California Civil Code § 52.1); (11) constructive fraud in violation of

9  California Civil Code § 1573; (12) civil extortion in violation of California Civil Code § 1570;

10 (13) stalking in violation of California Civil Code § 1708.7; (14) violation of California's Unfair

11 Competition Law (California Business & Professions Code § 17200); (15) violation of California

12 Labor Code §§ 1194 (Unpaid Minimum Wage and Overtime), 226 (Failure to Provide Itemized

13 Wage Statements), 203 (Waiting Time Penalties), and 2802 (Failure to Indemnify for Necessary

14 Expenditures); and (16) violation of the Federal False Claims Act, 31 U.S.C. § 3729.  FAC ¶ 79–

15 381.

16 ## II.    LEGAL STANDARD

17          The standard for issuing a temporary restraining order is identical to the standard for issuing a

18 preliminary injunction.  *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he

19 legal standards applicable to TROs and preliminary injunctions are substantially identical." *Stuhlbarg*

20 *Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  An injunction is a

21 matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear

22 showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*,

23 555 U.S. 7, 22 (2008).  And "a TRO 'should be restricted to . . . preserving the status quo and

24 preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and

25 no longer.'"  *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny*

26 *Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439

27 (1974)).

28          A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed

1    on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3]

2    that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*,

3    555 U.S. at 20.  "[I]f a plaintiff can only show that there are serious questions going to the merits—a

4    lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue

5    if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are

6    satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014).  *See also*, *Leiva-*

7    *Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011).

8         Under the Ninth Circuit's sliding scale approach, a preliminary injunction may issue if there are

9    "serious questions going to the merits" if "a hardship balance [also] tips sharply towards the [movant]," and

10   "so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is

11   in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## III.    DISCUSSION

13        "As Plaintiff[] must make a showing on all four required prongs for a temporary restraining

14   [order], the failure to make a showing as to any one prong defeats Plaintiff's Motion." *Rosen v. Urb.*

15   *Commons, LLC*, No. 20-cv-01973, 2022 WL 2079332, at *2 (C.D. Cal. May 10, 2022).  For the

16   reasons stated below, the Court finds that Plaintiff fails to make the requisite showing of irreparable

17   harm; accordingly, the Court analyzes only that element and denies Plaintiff's motion on that ground.

18        To justify preliminary relief, a plaintiff "must establish that irreparable harm is *likely*, not just

19   possible." *All. for the Wild Rockies*, 632 F.3d at 1131 (emphasis added).  "Monetary damages are not

20   usually sufficient to establish irreparable harm." *Lucas v. Bechtel Corp.*, 800 F.2d 839, 847 (9th Cir.

21   1989) (quotations omitted); *see also Doe #1 v. Trump*, 957 F.3d 1050, 1060 (9th Cir. 2020)

22   ("[M]onetary injury is not normally considered irreparable." (quotations omitted)).  However, the

23   Supreme Court has held that preliminary relief barring asset transfer may be available where a suit

24   seeks equitable relief.  *Johnson v. Couturier*, 572 F.3d 1067, 1083-84 (9th Cir. 2009) (discussing

25   *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 324-25 (1999)).

26        In the context of a temporary restraining order freezing assets, a party "must show a likelihood

27   of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not

28   granted." *Johnson*, 572 F.3d at 1085 (citing *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*,

321 F.3d 878, 881 (9th Cir. 2003)).  "Courts have construed this standard narrowly, only exercising their authority where there is considerable evidence of likely dissipation." *Paskenta Band of Nomlaki Indians v. Crosby*, 2017 WL 1956147, at *2 (E.D. Cal. May 11, 2017) (quotations omitted) (cleaned up).  "Courts are generally unwilling to freeze the assets of a defendant based solely on ipse dixit allegations that a defendant committed fraud." *Fidelity Nat. Title Ins. Co. v. Castle*, 2011 WL 5882878, at *6 (N.D. Cal. Nov. 23, 2011) (citing *Vaccaro v. Sparks*, 2011 WL 772394 (C.D. Cal. 2011); *TAGC v. Lehman, Lee & Zu Lmtd.*, 2010 WL 3119254 (C.D. Cal. 2010)).  "However, when allegations of past fraud are coupled with supplemental evidence that demonstrates a likelihood of dissipation, courts may freeze assets." *Id.* (citing *Johnson*, 572 F.3d 1076).

Plaintiff's motion provides no meaningful evidence of likely dissipation of assets by Defendants.  Plaintiff's motion argues that Defendants have a "powerful incentive" to move assets outside the jurisdiction of the Court because Defendants have liquid assets and maintain dual citizenship.  ECF 24-3 at 8; *see also* ECF 15-1 at 10 ("Defendants are naturalized U.S. citizens with dual citizenship and ties to Hong Kong, creating an extraordinary risk of asset flight. Modern electronic banking permits instantaneous transfer of funds to foreign jurisdictions beyond this Court's reach.").  Plaintiff's only supplementary evidence of Defendants' incentive to conceal or dissipate assets is the conclusory claim that Defendants will move assets upon notice of this action to avoid liability.  ECF 15-2 at 8.

This Court need not accept Plaintiff's conclusory allegations about the risk of asset dissipation. *Rosen*, 2022 WL 2079332, at *2 (denying plaintiffs' motion for temporary restraining order to freeze assets where Plaintiffs made "only conclusory allegations" about a defendant's incentive "to conceal or dissipate otherwise recoverable assets"); *Candid Ventures, LLC v. Dew Ventures, Inc*., No. 24-cv-07800, 2024 WL 4909010, at *3 (N.D. Cal. Nov. 27, 2024) (denying, in part, plaintiff's temporary restraining order requesting an asset freeze because plaintiff "ha[d] not shown that it is likely to suffer irreparable harm if Defendants [were] not prevented from using any of the assets").  Moreover, Plaintiff's complaint primarily seeks monetary damages.  FAC ¶¶ 382–92.  Aside from the request for "asset restraints",  which the Court rejects today, the only injunctive relief Plaintiff seeks is remedial and preventative measures related to Defendants conduct.  *Id.* ¶ 391.  The remaining

harm Plaintiff alleges could adequately be remedied through an award of monetary damages.

Plaintiff's request is not supported by sufficient evidence. A temporary restraining order is appropriate to "preserve the status quo pending judgment where the legal remedy might prove inadequate and the preliminary relief furthers the court's ability to grant the final relief requested." *Candid Ventures*, 2024 WL 4909010, at *3. However, where, Plaintiff cites "no specific evidence demonstrating that" Defendants are "likely to dissipate assets, and the Court finds that issuing an order freezing his assets . . . would be inappropriate." *Rosen*, 2022 WL 2079332, at *2.

## IV.    PLAINTIFF'S FAILURE TO APPEAR FOR VIDEO CONFERENCE HEARING HELD FOR THE TEMPORARY RESTRAINING ORDER.

The Plaintiff failed to appear for the hearing scheduled on Monday, November 3, 2025. The Court sent an email reminder with the appropriate date, time, and link. The Court hereby issues an **Order to Show Cause** for December 11, 2025, at 2 p.m. The Plaintiff shall file a response to the Order to Show Cause no later than December 4, 2025, explaining why the Plaintiff failed to appear and why the matter should not be dismissed. See, Federal Rules of Civil Procedure, Rule 41.

## V.    CONCLUSION

The Court **DENIES** the application for a temporary restraining order based upon the reasons stated above.

Pursuant to General Order 25, the Plaintiff has been referred to the San Franciso Pro Bono Panel for an eligibility assessment. ECF 32.

The Plaintiff is ordered to serve the Defendants pursuant to Federal Rules of Civil Procedure Rule 4 as it related to the first amended complaint, the third summons, and this Court's order on the application for a temporary restraining order prior to the case management hearing. ECF 5, 18, 30.

The amended complaint filed under ECF 13 is stricken. The Court gave plaintiff leave to file under the name John Doe, no other redactions were authorized by the Court.

The matter is stayed until December 1, 2025.

The Initial Case Management Conference scheduled for December 11, 2025 is maintained. Joint or Separate Case Management statements are due no later than December 4, 2025.

1      Plaintiff must file a response to the Court's Order to Show Cause under Federal Rule of Civil

2 Procedure 41 and for failure to prosecute prior to the case management conference no later than

3 December 4, 2025.  Plaintiff's response must address why Plaintiff failed to appear at the hearing

4 held on Novembre 3, 2025.

5      The hearing for the Preliminary Injunction will be determined at the Initial Case Management

6 Conference.

7      This order resolves ECF 15, 18, and 24.

8      IT IS SO ORDERED.

9 Dated: November 3, 2025

10 _____
    TRINA L. THOMPSON
11    United States District Judge

United States District Court
Northern District of California