UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE,

               Plaintiff,

      v.

CAROL YIM LEE, et al.,

               Defendants.

Case No.  25-cv-07235-TLT

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE UNDER SEAL**

Re: Dkt. No. 12

Plaintiff seeks to seal the information including her legal name, address, email, phone number, and details of the allegations in the complaint, proposed summons, amended complaint, motion for temporary restraining order, motion for leave to proceed under pseudonym, and motion to vacate order granting in forma pauperis status, issuance of summons, and service by U.S. Marshals because of (1) the sensitive nature of allegations involving a former minor victim; (2) severe privacy interests in traumatic personal details; (3) strong public policy favoring protection of survivors who seek justice; and (4) personal safety risks from retaliation by perpetrators.  ECF 12 at 5.

In a separate filing, Plaintiff has provided a declaration which, in part, supports the motion to file the information identified above under seal.  *See* Declaration of Jane Doe in Support of Ex Parte Application for Temporary Restraining Order ("Doe Decl.") ¶ 15.

## I.    LEGAL STANDARD

In this district, a motion to seal must be filed "at the same time that the party submits the document" and must include: (1) "a specific statement of the applicable legal standard and the reasons for keeping a document under seal;" (2) "evidentiary support from declarations where necessary;" and (3) "a proposed order that is narrowly tailored to seal only the sealable material."

United States District Court
Northern District of California

1  Civil L.R. 79-5(b)–(c).

2      Two standards govern motions to seal court documents. A "compelling reasons" standard

3  applies to dispositive motions, such as motions for summary judgment. A "good cause" standard

4  applies to non-dispositive motions, such as discovery motions. *Kamakana v. City & Cty. of

5  Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Motions that are technically non-dispositive may

6  still require the party to meet the "compelling reasons" standard when the motion is more than

7  tangentially related to the merits of the case.  *Sjostrom v. Kraatz*, No. 16-cv-01381, 2016 WL

8  3940886, at *1 (N.D. Cal. July 21, 2016) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809

9  F.3d 1092, 1101 (9th Cir. 2016)); *see also Schwartz v. Cook*, No. 5:15-cv-03347, 2016 WL

10  1301186, at *1 (N.D. Cal. Apr. 4, 2016) (compelling reasons standard governed motion to seal

11  portions of the complaint); *In re NVIDIA Corp. Derivative Litig*., No. 06–cv–06110, 2008 WL

12  1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, per se, the actual pleading by

13  which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and

14  must be disposed of.").

15      Under this stringent standard, a court may seal records only when it finds "a compelling

16  reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or

17  conjecture."  *Kamakana*, 447 F.3d at 1179. The court must "conscientiously balance[ ] the

18  competing interests of the public and the party who seeks to keep certain judicial records secret."

19  Id. (citation omitted) (internal quotation marks omitted). What constitutes a "compelling reason"

20  is "best left to the sound discretion of the trial court." *Nixon v. Warner Communications, Inc.*, 435

21  U.S. 589, 599.  "The mere fact that the production of records may lead to a litigant's

22  embarrassment, incrimination, or exposure to further litigation will not, without more, compel the

23  court to seal its records."  *Kamakana*, 447 F.3d at 1178-79.

24      Courts in this district have found compelling reasons to seal personally-identifiable

25  information that has minimal relevance to the underlying causes of action.  *See Snapkeys, Ltd. v.

26  Google LLC*, No. 19-cv-02658, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) ("This Court

27  has found compelling reasons to seal personally identifiable information."); *Am. Automobile Ass'n

28  of N. Cal., Nev., & Utah*, No. 17-cv-03874, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019)

(finding compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses"); *Benedict v. Hewlett-Packard Co.*, No. 13-cv-00119, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (granting motion to seal personal information, including a home address, phone number, and email address).

## II.     ANALYSIS

Plaintiff argues that there is a compelling reason to seal the information based on exist based on: "(1) the sensitive nature of allegations involving a former minor victim; (2) severe privacy interests in traumatic personal details; (3) strong public policy favoring protection of survivors who seek justice; and (4) personal safety risks from retaliation by perpetrators." ECF 12 at 5.  The Court has already granted Plaintiff's motion to proceed under pseudonym.  ECF 19. Thus, the Court has already found a compelling reason to keep Plaintiff's name out of the public record. *Id.* at 2.

Plaintiff has been granted leave to proceed under pseudonym, Plaintiff is protected from the factual allegations being traced back to Plaintiff.  Moreover, the Court finds that the personally identifying information (i.e. email address, physical address, phone number) is minimally relevant to the merits of the claim and finds that protecting this information from public records further protects Plaintiff from being identified.  *Stiner v. Brookdale Senior Living, Inc.*, No. 17-cv-03962, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022)

Plaintiff, however, has not demonstrated a compelling reason to redact the details of the allegation, particularly in light of the fact that Plaintiff has been granted leave to proceed under pseudonym. Moreover Rule 79-5 requires motions to seal to be filed "at the same time" as the document to be redacted, thus Plaintiff's attempt to seal the details of the original complaint more than one month after filing the complain—without explanation for the delay—is fatal to Plaintiff's request.  *Alphonso Inc. v. Tremor Video, Inc.*, No. 22-cv-03629, 2022 WL 4596613, at *1 (N.D. Cal. Aug. 1, 2022) (denying motion to seal the complaint filed "nearly a month after it filed the complaint").

## III.     CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's motion to file under seal her legal

name, addresses, email, phone number of the Complaint (ECF 1), legal name and address in the

Proposed Summons (ECF 3), legal name, address, email address, and phone number in the

Amended Complaint (ECF 3), legal name and address in the Motion for Temporary Restraining

Order (ECF 15), legal name and address in the Motion for Leave to Proceed Under Pseudonym

(ECF 16), legal name and address in the Motion to Vacate Orders Granting In Forma Pauperis

Status, Issuance of Summons and Service by U.S. Marshal (ECF 17), and the legal name and

address in the Motion to File Under Seal (ECF 12).

The Court DENIES Plaintiff's motion to file the details of the allegations in the documents

identified above under seal.

| Docket No./Public (Sealed) | Document | Portion(s) Sought to Be Sealed | Evidence in Support of Seal | Ruling |
|---|---|---|---|---|
| ECF 1 | Complaint | Legal name; addresses, email, phone; detailed allegations (dates, locations, circumstances); personal exploitation details | Declaration of Jane Doe in Support of Ex Parte Application for Temporary Restraining Order ("Doe Decl.") | GRANTED IN PART

DENIED IN PART |
| ECF 3; ECF 11 | Proposed Summons | Legal name; address | Declaration in Support of Ex Parte Application for Temporary Restraining Order ("Doe Decl.") | GRANTED IN PART

DENIED IN PART |
| ECF 11 | Amended Complaint | Legal name; address, email, phone; detailed allegations (dates, locations, circumstances: personal exploitation details | Declaration in Support of Ex Parte Application for Temporary Restraining Order ("Doe Decl.") | GRANTED IN PART

DENIED IN PART |
| ECF 15 | Motion for Temporary Restraining Order | Legal name; address; detailed allegations establishing irreparable harm; extensive exploitation details | Declaration in Support of Ex Parte Application for Temporary Restraining Order ("Doe Decl.") | GRANTED IN PART

DENIED IN PART |

United States District Court
Northern District of California

| ECF 16 | Motion for Leave to Proceed Under Pseudonym | Legal name; address; detailed factual basis for protection; extensive exploitation details | Declaration in Support of Ex Parte Application for Temporary Restraining Order ("Doe Decl.") | GRANTED IN PART<br><br>DENIED IN PART |
| ECF 17 | Motion to Vacate Orders Granting in Forma Pauperis Status, Issuance of Summons and Service by U.S. Marshal | Legal name; address; procedural complexity explanation | Declaration in Support of Ex Parte Application for Temporary Restraining Order ("Doe Decl.") | GRANTED IN PART<br><br>DENIED IN PART |
| ECF 12 | Motion to File Under Seal | Legal name; address; procedural complexity explanation | Declaration in Support of Ex Parte Application for Temporary Restraining Order ("Doe Decl.") | GRANTED IN PART<br><br>DENIED IN PART |

IT IS SO ORDERED.

Dated: November 20, 2025

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California