John Doe
[REDACTED]
[REDACTED]
[REDACTED]

Pro Se Plaintiff

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>v.<br><br>CAROL YIM LEE, RONALD LEE, YIMING PENG and JANE DOE<br><br>      Defendant. | Case No.: 3:25-cv-7235-TLT<br><br>ADMINISTRATIVE MOTION TO STAY SERVICE OF PROCESS BY U.S. MARSHAL PENDING APPOINTMENT OF COUNSEL<br><br>JUDGE:<br>Hon. District Judge Trina L. Thompson |

**I. NOTICE OF MOTION**

PLEASE TAKE NOTICE that Plaintiff John Doe moves the Court, pursuant to Civil L.R. 7-11, for an order (1) directing the U.S. Marshal Service to immediately **hold or recall** service of the Summons and Complaint (ECF 30, 5, 25, 46) and (2) clarifying that service should remain stayed until pro bono counsel is appointed or the current stay is lifted.

**II. STATEMENT OF PURPOSE**

Plaintiff seeks this urgent relief to prevent irreparable harm. While the Court's Order (ECF 46) correctly stayed proceedings for 90 days to find counsel, it also directed the U.S. Marshal to serve Defendants "forthwith." If service occurs before Plaintiff has counsel to facilitate an *ex parte* asset preservation order, Defendants will be alerted to the suit and may dissipate assets, rendering any future judgment uncollectible.

**III. MEMORANDUM OF POINTS AND AUTHORITIES**

**1. Introduction**

On February 13, 2026, the Court granted a stay of proceedings (ECF 46). However, the same order triggered immediate service by the U.S. Marshal. Plaintiff is a *pro se* litigant residing abroad and has a pending Motion for Preliminary Injunction (ECF 25) intended to freeze assets.

**2. Good Cause for Relief** Good cause exists under Civil L.R. 7-11 because:

- Irreparable Harm: Serving the Defendants now—before pro bono counsel is appointed to perfect the asset preservation application—will alert them to this lawsuit. This creates an immediate risk of asset dissipation, which would render any future judgment uncollectible. As a pro se plaintiff residing abroad without access to U.S. legal resources, my ability to collect any future judgment depends entirely on preserving the defendant's assets now. Service without a TRO would alert the defendant and enable asset dissipation, rendering any judgment uncollectible.
- Imminent Risk to Asset Recovery: As noted in my filings, I was seeking an ex parte Temporary Restraining Order (TRO) to freeze assets before the Defendants are notified. My current primary goal is to locate a legal counsel to help me facilitate this asset preservation process and other legal procedures
- Consistency with the Stay: The stay was granted to allow the Federal Pro Bono Project to find counsel. Service is a critical stage of litigation; proceeding with service now defeats the purpose of the stay, as Plaintiff cannot effectively manage the consequences of that service (such as responding to immediate defense motions) without legal representation.

**3. Clarification of Stay:**

The primary reason for the requested stay is to allow the Federal Pro Bono Project time to locate counsel who can handle these complex asset preservation matters, not merely because of prior service delays from US marshals.

**IV. Relief Requested**

Plaintiff requests that the Court:

1. Direct the U.S. Marshal Service to hold or recall all service packets delivered on February 13, 2026.
2. Order that service of process be deferred until 180 days after pro bono counsel has entered an appearance for Plaintiff.

**DECLARATION REGARDING INABILITY TO OBTAIN STIPULATION**

Pursuant to Civil L.R. 7-11(a), I declare that I was unable to obtain a stipulation regarding this motion because Defendant has not yet been served.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 13, 2026.

Respectfully submitted,

Date: 02/13/2026   Sign Name: *[signature]*

Print Name: John Doe

John Doe
[REDACTED]
[REDACTED]
[REDACTED]

Pro Se Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>                 Plaintiff,<br><br>v.<br><br>CAROL YIM LEE, RONALD LEE, YIMING PENG and JANE DOE<br><br>                 Defendant. | Case No.: 3:25-cv-7235-TLT<br><br>PROPOSED ORDER GRANTING ADMINISTRATIVE MOTION TO STAY SERVICE OF PROCESS BY U.S. MARSHAL<br><br>JUDGE:<br>Hon. District Judge Trina L. Thompson |

The Court, having considered Plaintiff's Administrative Motion to Stay Service of Process, and good cause appearing:

IT IS HEREBY ORDERED that:

1. The U.S. Marshal Service is directed to IMMEDIATELY HOLD AND/OR RECALL service of the Summons, Amended Complaint, and related documents (ECF 5, 25, 30, 46) in this matter.

2. Service of process by the U.S. Marshal is stayed until 180 days after pro bono counsel is appointed for Plaintiff, or until further order of this Court.

3. The Clerk of Court is directed to serve a copy of this Order on the U.S. Marshal Service forthwith to ensure service is paused.

4. The court clarify the order to stay on this case is because Federal Pro Bono Project require time to locate counsel who can handle these complex asset preservation matters, not merely because of prior service delays from US marshals.

**IT IS SO ORDERED.**

Date:

UNITED STATES DISTRICT/MAGISTRATE JUDGE