UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE,

        Plaintiff,

    v.

CAROL YIM LEE, et al.,

        Defendants.

Case No.  25-cv-07235-TLT

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Re: Dkt. No. 23

In Plaintiff's Administrative Motion to File Under Seal ("Motion"), Plaintiff seeks to seal certain exhibits in support Plaintiff's motion for a temporary restraining order and motion for a preliminary injunction.  ECF 23.  Specifically, Plaintiff seeks to seal: (1) property records showing Defendants' real estate ownership in California; (2) bankruptcy records in the bankruptcy action captioned *In re Lee*, No. 08-47041-MEH13 (Bankr. N.D. Cal.); (3) purportedly forged signatures on U.S. Citizenship and Immigration Services ("USCIS") applications; (4) email communications with translations that Plaintiff asserts show coordination of a fraudulent visa scheme; and (5) supporting Racketeer Influenced and Corrupt Organizations ("RICO") Act claim documentation that Plaintiff contends demonstrates Defendants' involvement in immigration fraud.  ECF 23 at 4-10.

For the reasons explained below, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART.**

I.    **LEGAL STANDARD**

In this district, a motion to seal must be filed "at the same time that the party submits the document" and must include: (1) "a specific statement of the applicable legal standard and the reasons for keeping a document under seal;" (2) "evidentiary support from declarations where

necessary;" and (3) "a proposed order that is narrowly tailored to seal only the sealable material." Civil L.R. 79-5(b)-(c).

Two standards govern motions to seal court documents. A "compelling reasons" standard applies to dispositive motions, such as motions for summary judgment. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-81 (9th Cir. 2006). A "good cause" standard applies to non-dispositive motions, such as discovery motions. *See id.* "Motions that are technically non-dispositive may still require the party to meet the 'compelling reasons' standard when the motion is more than tangentially related to the merits of the case." *Sjostrom v. Kraatz*, No. 16-cv-01381, 2016 WL 3940886, at *1 (N.D. Cal. July 21, 2016) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016)).

Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179 (citation and internal quotation marks omitted). The "court must 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* (citation omitted). What constitutes a compelling reason is "best left to the sound discretion of the trial court." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

Courts in this district have found compelling reasons to seal personally identifiable information that has minimal relevance to the underlying causes of action. *See Snapkeys, Ltd. v. Google LLC*, No. 19-cv-02658, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) ("This [c]ourt has found compelling reasons to seal personally identifiable information."); *Am. Automobile Ass'n of N. Cal., Nev., & Utah*, No. 17-cv-03874, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses").

## II.    ANALYSIS

Plaintiff argues that there are compelling reasons to seal the information specified in the

Motion because of: (1) privacy interests in financial records; (2) the sensitive nature of immigration fraud evidence bearing forged signatures; (3) protection of evidentiary integrity pending trial; (4) prevention of harassment based on disclosure of sensitive fraud allegations; (5) public policy favoring protection of minor victims in exploitation cases; and (6) the need to balance public access with privacy and safety concerns. ECF 23 at 3. Each exhibit that Plaintiff seeks to seal, in whole or in part, is analyzed in turn below.

**A.    ECF 23-1 (Exhibit A): The Request to File Property Records Under Seal is Denied.**

Plaintiff argues that property records showing Defendants' ownership of five California properties should be sealed due to privacy reasons and safety concerns. ECF 23 at 4. However, Plaintiff's own Motion admits that this information is "publicly available at county recorder offices." ECF 23 at 4. Moreover, Defendants' ownership of the properties described in Exhibit A is already disclosed in a public filing on the docket. *See* ECF 25-1 at 5-6. Because these property records are publicly available, there is no compelling reason for Exhibit A to remain under seal. *See Kamakana*, 447 F.3d at 1184; *Moreland Apartments Assocs. v. LP Equity LLC*, No. 5:19-CV-00744-EJD, 2019 WL 6771792, at \*3 n.3 (N.D. Cal. Dec. 12, 2019); *Huff v. Thousandshores, Inc.*, No. 21-CV-02173-HSG, 2021 WL 6621065, at \*2 (N.D. Cal. Dec. 1, 2021). Accordingly, Plaintiff's request to file Exhibit A under seal is **DENIED**.

**B.    ECF 23-2 (Exhibit B): The Request to File Bankruptcy Records Under Seal is Denied.**

Plaintiff argues that certain bankruptcy records should be sealed because of privacy interests and protections. ECF 23 at 5. However, Exhibit B is merely a case summary obtained from PACER. ECF 23-2. Thus, it is a publicly available document that should not be sealed. *See Kamakana*, 447 F.3d at 1184; *Ctr. for Food Safety v. Env't Prot. Agency*, 757 F. Supp. 3d 997, 1024 (N.D. Cal. 2024). Accordingly, Plaintiff's request to file Exhibit B under seal is **DENIED**.

**C.    ECF 23-3 (Exhibit C): The Request to File Evidence of Purportedly Forged Signatures on USCIS Application Forms Under Seal is Granted.**

Plaintiff argues that evidence of purportedly forged signatures on USCIS application forms should be sealed for a variety of reasons, including because such evidence contains sensitive, personally identifiable information belonging to Plaintiff. ECF 23 at 6. The court agrees that there

United States District Court
Northern District of California

3

are compelling reasons to protect Plaintiff's identity and other personally identifiable information from disclosure. ECF 19 (granting Plaintiff leave to proceed under a pseudonym); *Doe (K.R.D.) v. Hilton Worldwide Holdings Inc.*, 798 F. Supp. 3d 1082, 1087 n.1 (N.D. Cal. 2025) (granting motion to seal, where exhibits would reveal trafficking victim's identity). Accordingly, Plaintiff's request to file Exhibit C under seal is **GRANTED**.

**D.  ECF 23-4 (Exhibit D): The Request to File Email Communications Regarding Purportedly Fraudulent Visa Scheme Under Seal is Granted in Part and Denied in Part.**

Plaintiff argues that email communications regarding a purportedly fraudulent visa scheme should be sealed for various reasons, including because the communications "may contain email addresses and identifying information of third parties." ECF 23 at 7. The court agrees that there are compelling reasons to redact Plaintiff's name and any email addresses or other personally identifiable information belonging to Plaintiff, Plaintiff's parent, Defendants, or any third parties. ECF 19 (granting Plaintiff leave to proceed under a pseudonym); ECF 23-4 (containing Plaintiff's name and various individuals' email addresses). Such information would either reveal Plaintiff's identity or has minimal relevance to the merits of Plaintiff's claims. *See Hilton Worldwide Holdings Inc.,* 798 F. Supp. 3d at 1087 n.1; *Stiner v. Brookdale Senior Living, Inc.*, No. 17-CV-03962-HSG, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022). However, there is no compelling reason to redact Exhibit D in its entirety. *Kamakana*, 447 F.3d at 1181-82 (noting "that the default posture of public access prevails," where the proponent of sealing fails to meet his or her burden of demonstrating compelling reasons to seal). Therefore, Plaintiff's name and any personally identifiable information belonging to Plaintiff, Plaintiff's parent, Defendants, or any other third party may be redacted from Exhibit D, including email addresses. *See Hilton Worldwide Holdings Inc.,* 798 F. Supp. 3d at 1087 n.1; *Stiner*, 2022 WL 1180216, at *2. The remainder of Exhibit D must be filed publicly. Accordingly, Plaintiff's request to file Exhibit D under seal is **GRANTED IN PART** and **DENIED IN PART**.

**E.  Exhibit 23-5 (Exhibit E): The Request to File Supporting RICO Act Claim Documentation Under Seal is Granted.**

Plaintiff argues that certain purported RICO Act claim documentation should be sealed for

United States District Court
Northern District of California

4

several reasons, including to protect Plaintiff's identity. ECF 23 at 7-8. The court agrees that compelling reasons exist for Exhibit E to remain under seal, including to protect Plaintiff's identity and Defendants' bank account information. *See Hilton Worldwide Holdings Inc.*, 798 F. Supp. 3d at 1087 n.1; *Stiner*, 2022 WL 1180216, at \*2; *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at \*13 (N.D. Cal. Dec. 22, 2021). Accordingly, Plaintiff's request to file Exhibit E under seal is **GRANTED**.

## III. CONCLUSION

For the reasons stated above, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff's request to file Exhibits A and B under seal is **DENIED**.

Plaintiff's request to file Exhibit C under seal is **GRANTED**.

Plaintiff's request to file Exhibit D under seal is **GRANTED IN PART** and **DENIED IN PART**.

No later than **August 10, 2026**, one week after the issuance of this Order, Plaintiff may refile a new version of Exhibit D that redacts the following: (1) Plaintiff's name; (2) any other information that may reveal Plaintiff's identity; and (3) email addresses or other personally identifiable information belonging to Plaintiff, Plaintiff's parent, Defendants, or any third party. All other information contained in Exhibit D must be filed publicly on the docket.

Plaintiff's request to file Exhibit E under seal is **GRANTED**.

This order resolves ECF 23.

IT IS SO ORDERED.

Dated: August 3, 2026

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

5